UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01435-DOC (GJS) | Date | February 27, 2019 |
|---|---|---|---|
| Title | Dontae Samuel Bond v. The People of the State of California | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| | E. Carson | N/A |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| | None present | None present |

**Proceedings:** (IN CHAMBERS) Order To Show Cause re: Possible Dismissal

On February 26, 2019, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District [Dkt. 1, "Petition"]. The Court has reviewed the Petition as well as the dockets available electronically for Petitioner's state court criminal and appeal proceedings. *See* Fed. R. Evid. 201 (permitting judicial notice of certain matters). Having completed its review, the Court concludes that this action is subject to dismissal without prejudice pursuant to the abstention doctrine. *See, e.g., Younger v. Harris*, 401 U.S. 37, 45-46 (1971).

Petitioner was convicted Los Angeles Superior Court Case No. TA139406 in 2016. He appealed, and in an August 20, 2018 decision in Case No. B279802, the California Court of Appeal affirmed the judgment of conviction but vacated Petitioner's sentence and remanded the matter to the trial court for resentencing. Petitioner filed a petition for review, which the California Supreme Court denied on October 24, 2018, in Case No. S251372. The remittitur issued on October 25, 2018.

Under the *Younger* abstention doctrine, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances. *See Younger*, 401 U.S. at 43-54; *see also, e.g., San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998) ("[u]nder *Younger* abstention, federal courts may not grant declaratory or injunctive relief that would interfere with state criminal . . . proceedings"). In *Edelbacher v. Calderon*, 160 F.3d 582 (9th Cir. 1998), the Ninth Circuit considered a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01435-DOC (GJS) | Date | February 27, 2019 |
|---|---|---|---|
| Title | Dontae Samuel Bond v. The People of the State of California | | |

federal habeas petition filed after conviction but while resentencing proceedings were pending. The Ninth Circuit held that *Younger* abstention was required and opined that, "[w]hen there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." *Id.* at 582-83, 587.

The Court has reviewed the dockets available electronically for Los Angeles Superior Court Case No. TA139406. They do not contain any indication that Petitioner's resentencing proceedings have as yet occurred or even been scheduled. As Petitioner apparently had not yet been resentenced at the time the Petition was filed nor by now, his state criminal judgment is not final for federal habeas purposes. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("'Final judgment in a criminal case means sentence. The sentence is the judgment.'") (citation omitted). Once he is resentenced, Petitioner may, or may not, decide to appeal his new sentence. Until that resentencing and any appeal (or not) occurs, Petitioner's state criminal case remains pending.

Given that Petitioner's judgment is not yet "final" for federal habeas purposes, the 28 U.S.C. § 2244(d) one-year limitations period has not yet commenced running for any federal habeas challenge he wishes to bring with respect to his state court conviction and/or sentence. *See Burton*, 549 U.S. at 156 ("Burton's limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'"); *see also Villaneda v. Tilton*, 432 Fed. Appx. 695, 2011 WL 1770860, at *1 (9th Cir. May 10, 2011) (under *Burton*, the petitioner's limitations period did not commence until both his conviction and sentence were final and, thus, not until after his time to appeal lapsed following resentencing); *Rashad v. Lafler*, 675 F.3d 564, 568-69 (6th Cir. 2012) (for purposes of the limitations period, the petitioner's judgment did not become final until the conclusion of direct review of the new sentence he received at resentencing); *Scott v. Hubert*, 635 F.3d 659, 666 (5th Cir. 2011) (when a conviction is affirmed on appeal but the sentence is vacated and the case is remanded for resentencing, the judgment is not final, and the limitations period does not commence, until the conclusion of direct review following resentencing and/or the expiration of the time for such); *Ferreira v. Secretary, Dep't of Corr.*, 494

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01435-DOC (GJS) | Date | February 27, 2019 |
|---|---|---|---|
| Title | Dontae Samuel Bond v. The People of the State of California | | |

F.3d 1296, 1292 (11th Cir. 2007) (same). Thus, there are no timeliness concerns here that might affect the abstention issue. Moreover, the record is bereft of any circumstances – much less an unusual or extraordinary one – that could compel this Court to disregard the *Younger* rule in favor of proceeding on a case that has been prematurely brought, as here.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the Court should not recommend abstention in this case and dismissal of the Petition without prejudice. **By no later than March 25, 2019**, Petitioner shall file a Response to this Order To Show Cause and advise the Court whether he agrees or disagrees that abstention is required. If the latter, he must explain why abstention is not required, including by providing evidence of one or more unusual circumstances that would require the Court to disregard the "general rule" requiring abstention given the procedural posture of Petitioner's state criminal case. Most importantly, if Petitioner, in fact, has been resentenced, he should so advise the Court and submit documentary evidence of his resentencing.

*Petitioner is cautioned that the failure to file a timely response to this Order To Show Cause will be deemed to constitute a concession that abstention is warranted and that this case should be dismissed without prejudice.*[1]

**IT IS SO ORDERED.**

---

[1] If Petitioner concedes that abstention is required and does not wish to prepare and file the Response required by this Order, he may expedite matters by filing a Notice of Dismissal, whether by utilizing the attached Form CV-009 or preparing his own simple document, signed by him, in which he states, clearly, that he is dismissing this action voluntarily and without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.